UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VALERIE ANN RICHARDSON,<br>   Plaintiff, | )<br>)<br>) |
|   v. | )  CAUSE NO.: 2:24-CV-28-JVB |
| MARTIN O'MALLEY, Commissioner<br>of the Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

  This matter is before the Court on Defendant's Motion to Dismiss Untimely Complaint [DE 6] filed by the Commissioner of the Social Security Administration on March 22, 2024. Plaintiff Valerie Ann Richardson, who is litigating her case without a lawyer, did not respond to the motion. The Commissioner asks the Court to dismiss this lawsuit because Richardson filed her Social Security Complaint outside the limitation period provided in the Social Security Act.

  The United States can only be sued if it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress can direct how and when federal administrative orders are reviewable by a court. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Section 205(g) of the Social Security Act provides that an individual can file a civil action for review of the final decision of the Commissioner of the Social Security Administration regarding the individual's petition for social security benefits within sixty days of the mailing of the notice of the decision. 42 U.S.C. § 405(g). In 42 U.S.C. § 405(h), Congress declared that no other review of the Commissioner's findings of fact or decisions is permitted.

  The Commissioner's regulations provide that the "mailing" in § 405(g) is the date the individual received (1) the Appeals Council's notice of denial of request for review of the presiding officer's decision or (2) notice of the Appeals Council's decision. 20 C.F.R. § 422.210(c). Absent

a "reasonable showing to the contrary," receipt is assumed to occur five days after the date of the notice. *Id.* Also, the time limit within which to file a civil action after the Commissioner's final decision is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 481-82 (1986).

By affidavit, the Commissioner shows that notice of his final decision was sent to Richardson on August 2, 2022, and that the Commissioner had no record of a request to extend the filing deadline. Richardson filed her lawsuit on January 22, 2024, well outside the sixty-day period during which the statute permits her to file a civil action for review of the Commissioner's decision. Richardson, who has not responded to the motion, has not made a reasonable showing to rebut the presumption of notice five days after the date of her notice, nor has she shown that equitable tolling should apply. *See Berg v. Bowen*, 699 F. Supp. 184, 184-85 (S.D. Ind. 1988) (dismissing a social security complaint filed after the limitation period where the plaintiff provided no showing that the notice of denial was not received within the presumed five days and failed to show any facts warranting equitable tolling of the limitations period).

Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss Untimely Complaint [DE 6] and **ORDERS** that this case is dismissed.

SO ORDERED on April 22, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

cc:   Valerie Ann Richardson  
      PO Box 102  
      Hamer, SN 29547

   Valerie Ann Richardson  
   PO Box 475  
   Carmel, IN 46082