UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

VALERIE ANN RICHARDSON,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 2:24-CV-28 JD

## OPINION AND ORDER

On January 22, 2024, pro se Plaintiff Valerie Richardson filed a complaint seeking review of a decision of the Commissioner of Social Security. (DE 1.) The Commissioner moved to dismiss the complaint because it was filed outside the limitations period provided in the Social Security Act. Presiding at the time, Judge Joseph Van Bokkelen, granted the motion, and dismissed the case on April 22, 2024. (DE 8.) Final judgment was entered that same day. (DE 9.) Although Ms. Richardson did not respond to the Commissioner's motion to dismiss, she filed a purported response on May 20, 2024, after Judge Van Bokkelen had already dismissed the case.

Two years later, in January and February 2026, Ms. Richardson sent two more letters to the court (DE 12 & 14), after which this case was transferred to the undersigned. The two letters resemble the "response" that Ms. Richardson filed following the dismissal of her case. She says that she had been under the impression that, after she received the notice from the Appeals Council, she could reopen her case with the Agency. She also recounts her health history and argues that she is disabled. Finally, she suggests—for the first time—that, around the time when her response to the motion to dismiss was due, she was experiencing problems with her vehicle, had a death in her family, and was dealing with her own health issues.

To the extent that Ms. Richardson was told that she could reopen her case with the Agency and did not need to file a timely appeal with the district court, this argument should have been presented when the Commissioner moved to dismiss this case. Having failed to respond, Ms. Richardson waived her argument, and it's too late to raise it now. *See Simmons v. Vill. of Minier*, No. 20-CV-1357, 2022 WL 330960, at *2 (C.D. Ill. Feb. 3, 2022) ("Litigants, both pro se and counseled, waive arguments by failing to respond to alleged deficiencies in a motion to dismiss." (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)).

And insofar as Ms. Richardson may be seeking relief from final judgment on the basis of excusable neglect due to the circumstances with her vehicle, family circumstances, and her health, her request is untimely. Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "excusable neglect," among other reasons. However, under subsection (c)(1) of this Rule, in cases of excusable neglect, the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Here, Ms. Richardson sent the two letters almost two years after her case had been dismissed. The Court appreciates the personal difficulties Ms. Richardson was undergoing at the time, but it has no authority to extend the one-year deadline. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 60(b).").

For these reasons the Court DENIES Ms. Richardson's motions (DE 12 & 14).

SO ORDERED.

ENTERED: April 15, 2026

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court

2